1

2

3

4

5

6

7                      IN THE UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9     OLIVER GRAY,

10            Petitioner,              No.  2:13-cv-1118 GGH P

11        vs.

12    COURT OF APPEAL OF THE STATE

13    OF CALIFORNIA,                   ORDER and

14            Defendants.              FINDINGS & RECOMMENDATIONS

15    _____/

16            Petitioner, proceeding pro se, has filed a "petition for writ of mandate," though it

17    is difficult to discern the nature of this action.  It appears that plaintiff is being criminally

18    prosecuted in state court and seeks an order restraining the superior court from further

19    proceedings against him in that pending criminal action.  The court will construe this action as a

20    petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

21            To the extent plaintiff is attempting to challenge ongoing criminal proceedings,

22    principles of comity and federalism weigh against a federal court interfering with ongoing state

23    criminal proceedings by granting injunctive or declaratory relief absent extraordinary

24    circumstances.  Younger v. Harris, 401 U.S. 37, 43-54 (1971).  Younger abstention is required

25    when 1) state proceedings, judicial in nature, are pending; 2) state proceedings involve important

26    state interests; and 3) the state proceedings afford adequate opportunity to raise the constitutional

1

issue.  See Middlesex County Ethic Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 432 (1982).

Petitioner is in custody at the Rio Cosumnes Correctional Center during his trial. Plaintiff states that the superior court Judge Kenny abused his discretion by denying the [illegible] motion on behalf of the defendant to discharge the appointed judge in a preumpatory [sic] challenge."  Petitioner seeks to permanently restrain the superior court from making further orders affecting petitioner.  Irreparable injury does not exist in such situations if the threat to petitioner's federally protected rights may be eliminated by his defense of the criminal case. Moreover, "even irreparable injury is insufficient [to permit interference with the proceeding] unless it is 'both great and immediate.'"  Younger, 401 U.S. at 46, 91 S. Ct. at 751 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44, 46 S. Ct. 492, 493 (1926)).  Petitioner has failed to demonstrate extraordinary circumstances, therefore this claim is barred by the Younger abstention doctrine.

In accordance with the above, IT IS HEREBY ORDERED that: The Clerk shall assign a district judge to this case.

IT IS HEREBY RECOMMENDED that petitioner's action be dismissed and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are

/////

/////

/////

1   advised that failure to file objections within the specified time may waive the right to appeal the

2   District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3   DATED: June 17, 2013

4

5                                    /s/ Gregory G. Hollows
                          UNITED STATES MAGISTRATE JUDGE

6
     GGH:076
7    Gray1118.abst.wpd

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26